UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SARAH LONG, ANDREA HENDRICKSON and
LINDA GLASER,

*Plaintiffs,*

v.

SMG, JEFFREY CALKINS, MICHAEL HEUER and
GREGORY HENRICHS,

*Defendants.*

Civil Action No.
6:17-cv-6041-EAW-MWP

## STIPULATED PROTECTIVE ORDER

**1. PURPOSES AND LIMITATIONS**

Discovery requests served in this Action may call for the production of sensitive, proprietary and/or confidential information within the meaning of Fed. R. Civ. P. 26(c) or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than litigating this Action is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

**2. DEFINITIONS**

2.1  Action: the action listed in the above caption.

2.2  Party: any named party in the Action, including all of its officers, directors, trustees and employees.

2.3  Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and depositions exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information

produced, given, exchanged by, or obtained from any Party or non-party in connection with discovery in this matter. "Discovery Material" does not include information that is publicly available.

2.4     Confidential Information: any Producing Person (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Person reasonably and in good faith believes constitutes and reveals confidential trade secrets, financial or business information, non-public personal or customer information concerning individuals or other entities (including, but not limited to, Social Security numbers, home telephone numbers and addresses, tax returns, and credit and banking information), or medical information concerning any individual falling outside the scope of the "Highly Confidential" designation.

2.5     Highly Confidential Information: Medical records of Plaintiffs, except for medical records that Plaintiff Hendrickson caused to be submitted to SMG or to Matrix Absence Management prior to March 5, 2016, shall be designated as "Highly Confidential."

2.6     Producing Person: any Party or non-party that produces Discovery Material in the Action.

2.7     Receiving Person: any Party or non-party that receives Discovery Material from a Producing Person.

2.8     Designating Person: any Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential."

2.9     Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential."

2.10   Outside Counsel: attorneys, along with their paralegals, and other support personnel assisting with the Action, who are not trustees or employees of a Party but who are retained to represent or advise a Party in the Action.

2.11   In House Legal Personnel: attorneys and other personnel employed by a Party to perform legal functions and who are responsible for overseeing the Action for the Party, along with their paralegals and support personnel.

2.12   Counsel (without qualifier): Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

2.13   Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action, and who is not currently an employee or trustee of a Party and who, at the time of retention, is not anticipated to become an employee or trustee of a Party. This definition includes a professional jury or trial consultant retained in connection with the Action.

2.14   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; transcribing; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium; etc.) and their employees and subcontractors.

3.   **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product.

4. **DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Person agrees otherwise in writing or this Court orders otherwise.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Designating Bulk Material for Protection</u>: In order to expedite production of voluminous materials, a Designating Person may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "clawback" procedures in this Order (Section 12) or otherwise agreed to. In doing so, the Designating Person may designate those collections of documents that by their nature contain Confidential or Highly Confidential information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. A Receiving Person may at any time challenge the designation of one or more particular documents pursuant to Section 6.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order *(see, e.g.,* Sections 5.1, 5.2(b)-(c) and 5.4), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form (including transcripts of depositions taken in other proceedings</u>), that the Producing Person affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of a document, on the relevant page(s) of the document, in their file name of the document, or in any other manner agreed upon in writing by the Parties (except that bulk productions may be designated as set forth in Section 5.2(c) below).

(b) <u>for deposition transcripts and/or exhibits</u>, that the Designating Person designate any portion of the testimony as "Confidential" or "Highly Confidential" either on the record

before the deposition is concluded, or in writing on or before the later of the following dates: (i) thirty (30) days after receipt of the final transcript, or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.3.

(c) for information produced in electronic, audio, or video format, for bulk productions of documents produced in native format or without bates numbers, and for any other tangible items, that the Producing Person affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored, in the file name, on the first page of a document or on the relevant page(s) of the document.

5.3 Inadvertent Failures to Designate: If a Producing Person discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Person may notify all Parties, in writing, of the error and identify (by production number or other individually identifiable information) the affected documents and their new designation. Thereafter, the material so designated will be treated as Protected Material in conformity with the new designation. Promptly after providing such notice, the Producing Person shall provide re-labeled copies of the material to each Receiving Person reflecting the change in designation. The Receiving Person will replace the incorrectly designated

material with the newly designated material and will return or destroy the incorrectly designated material. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Person's right to secure protection under this Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Person, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Increasing the Designation for Information Produced by Other Parties: Subject to the standards of Sections 2.4 and 2.5, a Party may change the designation of any Discovery Material produced by another Producing Person without a designation to a designation of "Confidential" or "Highly Confidential," or designate any Discovery Material produced as "Confidential" as "Highly Confidential," where the documents or information produced by the Producing Party is personal and/or proprietary to the non-Producing Party.

Upward designations shall be accomplished by providing written notice to all Parties identifying (by production number or other individually identifiable information) the Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Person shall provide re-labeled copies of the material to each Receiving Person reflecting the new designation. The Receiving Person will replace the incorrectly designated material with the newly designated material and will return or destroy the incorrectly designated material. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 6, below. No Party shall be allowed to change the designation pursuant to this Section unless the Discovery Material contains information concerning such Party or its employees.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Person in writing of its challenge and identifying the challenged material. The objecting Party and the Designating Person shall, within fourteen (14) calendar days after service of the written objections, confer concerning the objection. Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designations.

6.2 <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, within thirty (30) calendar days after service of the written objections, either the Designating Person or the objecting Party challenging the designation may seek relief from the Court in accordance with its rules and procedures, including Rule 5.2 and/or Rule 37 of the Federal Rules of Civil Procedure. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Person's designation provided the dispute is submitted to the Court within thirty (30) days after service of the written objections.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 A Receiving Person may use Discovery Material that is disclosed or produced by a Producing Person only in connection with the prosecution, defense, appeal, attempted settlement, or enforcement of insurance or indemnification rights with respect to, the Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Person must comply with the provisions of Section 10. Protected Material must be stored

and maintained by a Receiving Person at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Confidential Information</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Person, a Receiving Person may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Person's Counsel;

    (b) any other Parties to the Action and their Counsel;

    (c) current officers, directors, trustees and employees of Parties, when disclosure is reasonably necessary for the prosecution, defense, appeal, attempted settlement, or enforcement of insurance or indemnification rights with respect to the Action;

    (d) former officers, directors, trustees and employees of Parties to whom disclosure is reasonably necessary for the prosecution, defense, appeal, attempted settlement, or enforcement of insurance or indemnification rights with respect to the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

    (e) Experts and/or Consultants to whom disclosure is reasonably necessary for the prosecution, defense, appeal, attempted settlement, or enforcement of insurance or indemnification rights with respect to the Action, and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

    (f) the Court and its personnel, in accordance with Section 9;

    (g) special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(h) court reporters and/or videographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the Action;

(i) the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document;

(j) deponents or witnesses in the Action, and their Counsel, to whom disclosure is reasonably necessary for the prosecution, defense, appeal, attempted settlement, or enforcement of insurance or indemnification rights with respect to the Action and who have either signed the "Agreement To Be Bound By Protective Order" (Exhibit A), or, if such person refuses to sign Exhibit A, been advised of the terms of this Order;

(k) any other person to whom the Court compels disclosure of the Confidential Information;

(l) any other person where required by law.

7.3 <u>Disclosure of Highly Confidential Information</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Person, a Receiving Person may disclose any item designated "HIGHLY CONFIDENTIAL" only to:

(a) Receiving Person's Counsel.

(b) Experts and/or Consultants to whom disclosure is reasonably necessary for the prosecution, defense, appeal, attempted settlement, or enforcement of insurance or indemnification rights with respect to the Action, and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(c) the Court and its personnel, in accordance with Section 9;

(d) any other person to whom the Designating Person agrees in writing in advance of the disclosure or on the record at a deposition or Court proceeding in advance of the disclosure; and

(e) any other person to whom the Court compels disclosure of the Highly Confidential Information.

While Receiving Person's Counsel may not disclose any item designated as "HIGHLY CONFIDENTIAL" other than to the persons listed above unless otherwise ordered by the Court or permitted in writing by the Designating Person, should Defendants' Counsel believe in good faith that it needs to disclose documents or information designated as "HIGHLY CONFIDENTIAL" to persons other than those listed above, the Parties shall confer regarding any such disclosure in a good faith attempt to reach an agreement. If the Parties are unable to reach an agreement after conferring, the dispute shall be presented to the Court.

7.4 Retention of Exhibit A: Outside Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of all of the Action, including any appeals, and shall make them available to other Parties upon good cause shown or upon a court order.

7.5 Retention of Protected Material: Persons who have been shown Protected Material pursuant to Section 7.2(d), (g) (in the case of persons retained by the Parties), (i), or (j) shall not retain copies of such Protected Material.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Person learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Person must immediately (a) notify in writing the Designating Person of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons

to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A). The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Protected Material. Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Protected Material.

## 9. FILING PROTECTED MATERIAL

In the event that counsel for any Party determines to file or submit in writing to the Clerk of Court's office any Protected Material, including Highly Confidential Material, or any papers containing or making reference to the substance of such material or information, such Party shall request that the documents or portions thereof containing or making reference to such material or information be filed under seal in accordance with the rules of the Court, including Rule 5.3 of the Local Rules of the Western District of New York, and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be inscribed with the phrase: "Confidential - Subject to Court Order."

## 10. FINAL DISPOSITION

10.1 Unless otherwise ordered or agreed in writing by the Producing Person, upon the earlier of (1) expiration of the applicable limitations period for legal malpractice claims, or (2) three and a half years from the date of full and final resolution of the litigation, each Receiving Person must undertake reasonable efforts to return all Discovery Material to the Producing Person. The Receiving Person may undertake reasonable efforts to destroy some or all of the Discovery Material instead of returning it. Whether the Discovery Material is returned or destroyed, the Receiving Person must submit a written certification to the Producing Person (and, if not the same person or entity, to the Designating Person) by the above-indicated deadline that describes the reasonable efforts undertaken to comply with the terms of this

Order, identifies by category the Discovery Material that was returned or destroyed and that affirms that the Receiving Person has undertaken reasonable efforts to ensure that it has not retained any copies of the Discovery Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

10.2 This Protective Order shall survive the termination of the Action. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by outside counsel of record for each Designating Person or by an authorized representative of the Designating Person or by an Order of the Court for good cause shown.

## 11. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Party's or any other person's use of its own documents, nor shall it affect any Party's or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## 12. CLAWBACK OF PRIVILEGED MATERIAL

In order to allow for expeditious production of voluminous documents, a Producing Person may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents. Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable

privilege or immunity from disclosure, or the Receiving Person discovers such disclosure (in which case the Receiving Person shall give the Producing Person prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver – in the Action or in any other proceeding, including in Federal or State proceedings – of the applicable privilege or protection.

The Receiving Person shall upon request immediately undertake reasonable efforts to return to the Producing Person or destroy all summaries or copies of such documents, testimony, information, and/or things (notwithstanding the final sentence of Section 3 regarding compilations and abstracts reflecting the protected material referred to in this Section), shall provide a certification of counsel that the Receiving Person has undertaken reasonable efforts to return or destroy such disclosed materials, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within ten (10) business days of receipt of the request. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy the disclosed materials, the Producing Person shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Person shall not in any way preclude the Receiving Person from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Person cannot assert as a basis for the relief it seeks the fact that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. Where a Party has produced documents in another action, investigation or other proceeding without detailed, or any, review to determine whether privilege or other immunity from discovery applies, no Party shall claim that production of those documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to the documents produced.

If, during a deposition, a party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the party allows the examination concerning the document to proceed on a non-waiver basis, the parties shall sequester all copies of the purportedly-privileged or work-product protected document. Immediately following the deposition, the parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection. Until the dispute is resolved, all parties shall treat the transcript of such deposition as Highly Confidential. If the party instructs the witness not to answer questions concerning the document, the parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the party asserting the claim of privilege will be responsible for ensuring that the deposing party is given an opportunity to depose the witness about the document.

13. **ATTORNEY RENDERING ADVICE**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to the Action or from relying upon or generally referring to Protected Material in rendering such advice; provided however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

**14. MOTION HEARINGS AND TRIAL**

The terms of this Order shall govern in all circumstances except for presentations at hearings on motions and at trial. The parties may meet and confer in advance of such proceedings and may seek the guidance of the Court as to appropriate procedures, if any, to govern such proceedings. If the parties are unable to enter into a mutually acceptable stipulated order that is approved by the Court regarding such procedures, the parties shall seek resolution of this issue from the Court prior to using any Protected Material at hearings on dispositive motions and at trial. Any such use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

**15. LEGAL PROCESS**

If a Receiving Person is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, that seeks disclosure of any information or items designated in the Action as "Confidential" or "Highly Confidential," the Receiving Person must notify the Designating Person, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) business days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Person to take steps as set forth below.

The Receiving Person also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Person must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The Receiving Person shall not produce the

requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Person (a) consents in writing, or (b) fails to file a motion to quash or otherwise contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Person may produce on the production date, but no earlier.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Person in the Action an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena, or order is issued. The Designating Person shall bear the burden and the expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in the Action to disobey a lawful directive from any court.

In the event that Discovery Material is produced to a non-party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in accordance with any designation as Protected Material by the Parties.

**16. NON-PARTIES**

Any Party, in conducting discovery from non-parties in connection with the Action, shall provide any non-party from which it seeks discovery with a copy of this Protective Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Action, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Protective Order as held by the parties to the Action.

17. **NOTICES**

All notices required by this Protective Order must be provided in writing to outside counsel of record for each Party and, if applicable, in writing to a non-party. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Person.

18. **AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

19. **MISCELLANEOUS**

19.1 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

19.2 <u>Disputes</u>: Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable Rules.

Dated: July 19, 2018

STIPULATED AND AGREED:

| BOND, SCHOENECK & KING, PLLC | THOMAS & SOLOMON LLP |
|---|---|
| By:   s/Mary P. Moore <br> Mary P. Moore, Esq. <br> Louis P. DiLorenzo, Esq. <br> Theresa Rusnak, Esq. <br> 350 Linden Oaks, Third Floor <br> Rochester, New York 14625 <br> Telephone: (585) 362-4700 <br> *Attorneys for Defendants* | By:   s/Sarah E. Cressman <br> Sarah E. Cressman, Esq. <br> Michael J. Lingle, Esq. <br> Jessica L. Lukasiewicz, Esq. <br> 693 East Avenue <br> Rochester, New York 14607 <br> Telephone: (585) 272-0540 <br> *Attorneys for Plaintiffs* |

SO ORDERED.

Dated:   July 23, 2018

_____
Marian W Payson
United States Magistrate Judge

# **EXHIBIT A**

UNDERTAKING OF _____.

1.     My address is _____
_____.

2.     I have received a copy of the Protective Order in the following action: <u>Sarah Long, Andrea Hendrickson, and Linda Glaser v. SMG, Jeffrey Calkins, Michael Heuer, and Gregory Henrichs</u>, No. 6:17-cv-6041-EAW-MWP, pending in the Western District of New York.

3.     I have read and understand all of the provisions of the Protective Order.

4.     I will hold in confidence and will not disclose to anyone not qualified under the Protective Order any materials designated "Confidential" or "Highly Confidential" which are disclosed to me.

5.     Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

6.     I agree to return all materials designated "Confidential" or "Highly Confidential" which come into my possession, and documents or things which I have prepared relating thereto, to Counsel for the Party from whom I obtained the documents. I will do this immediately upon receiving a request from said Counsel or, in any event by no later than thirty days after litigation between the parties has ended.

7.     I hereby submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcement of this Protective Order.


Date: _____          _____
                                                                                 Signature